AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the
### Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 20 2019

ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated with<br>Cellular Device assigned with call number<br>804-477-9107 | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  1:19 mj 54-JCG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, attached hereto and incorporated herein by reference.

located in the _____ Southern _____ District of _____ Mississippi _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC § 1324(a)(1)(A)(ii) &<br>(v)(I); 8 USC § 1324(a)(1)(A)(ii) | Conspiracy to Transport Illegal Aliens within the United States;<br>Illegal Transportation or Moving of an Alien |

The application is based on these facts:
See Attached Affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

William Santiago, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  5/20/2019

City and state:  Gulfport, Mississippi

_____
*Judge's signature*

John C. Gargiulo, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF INFORMATION IN THE CUSTODY OR CONTROL OF T-MOBILE WIRELESS ASSOCIATED WITH THE CELLULAR DEVICE THAT IS ASSIGNED WITH CALL NUMBER 804-477-9107** | Case No. 1:19mj 54-JCG |

**AFFIDAVIT IN SUPPORT OF
<u>AN APPLICATION FOR A SEARCH WARRANT</u>**

I, William Santiago, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION AND AGENT BACKGROUND</u>**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (804) 477-9107, (the "T-Mobile Cellular Device"), which is described in Attachment A.

2.      Your affiant, William Santiago is a Border Patrol Agent (BPA) of the Department of Homeland Security, Customs and Border Protection (CBP).   BPA Santiago is currently assigned as a Task Force Officer (TFO) to the U.S. Department of Homeland Security, Border Enforcement Security Task Force (BEST), under the direction of Homeland Security Investigation (HSI), which is a multi-jurisdictional task force comprised of local, state, and federal law enforcement agencies. BPA Santiago has

received training from the Federal Law Enforcement Training Center in Glynco, Georgia, BPA

Santiago has been employed as a Border Patrol Agent since 1995 and as such, is responsible for

investigations of offenses under Titles 8, 18, 19, and 21 of the United States Code. As part of his

duties, BPA Santiago investigates crimes regarding immigration violations and received training

on the proper investigative techniques for these violations, including the application and

execution of arrest and search warrants.

3.     The facts in this affidavit come from my personal observations, my training and

experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set

forth all of my knowledge about this matter.

4.     One purpose of applying for this warrant is to determine with precision the ZTE

Cellular Device's historical location.  There is reason to believe the ZTE Cellular Device has

been previously located within one or more Federal Judicial Districts in Texas. Homeland

Security Investigation agents in Gulfport, Mississippi, during criminal investigation of Oscar

FAJARDO, have determined that FAJARDO traveled between Houston, Texas and the Gulf

Coast area of Mississippi for the purposes of transporting illegal aliens.  Database research

further revealed the route driven by Oscar FAJARDO (in a short amount of time) on I-10

westbound from Virginia through Mississippi on March 25, 2019, and a return on I-10

Eastbound from Texas through Mississippi on March 26, 2019, was for the purposes of

transporting illegal aliens.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe that

violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(1) has been committed

2

by Oscar FAJARDO.  There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of this crime as further described in Attachment B.

## PROBABLE CAUSE

6.      The United States, including Homeland Security Investigation, is conducting a criminal investigation of Oscar A. Fajardo.

7.      Based on the facts set forth in this affidavit, there is probable cause to believe that Oscar FAJARDO has violated Title 8, United States Code, Section 1324. Oscar FAJARDO was charged with this crime on March 26, 2019 and is the subject of an arrest warrant issued on that date.

8.      On March 26, 2019, Oscar FAJARDO was indicted for Conspiracy to Transport an Alien who had come to, entered, and remained in the United States in violation of law.

9.      At the time of the encounter and arrest of Oscar FAJARDO, a black ZTE Z981 cellular telephone, identified with IMEI number 860972031486755, and belonging to Oscar FAJARDO was seized from his custody.   On April 18, 2019, in the Southern District of Mississippi, your Affiant applied for and was issued a federal search warrant to access the contents of the black ZTE Z981 T-Mobile cellular telephone belonging to Oscar FAJARDO.

10.     A partial extraction of the ZTE cellular phone was completed within the time-frame allotted by the original warrant and the number 804-477-9107 was determined to be assigned to this ZTE Z981 T-Mobile cellular telephone.

3

11.     In his training and experience, your Affiant has learned that T-Mobile is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

12.     Based on his training and experience, your Affiant knows that T-Mobile can collect cell-site data about the ZTE Z981 T-Mobile cellular telephone assigned number 804-477-9107.  I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13.     Based his training and experience, your Affiant knows that T-Mobile Wireless also collects per-call measurement data, which T-Mobile Wireless also refers to as the "real-time tool" ("RTT").  RTT data estimates the approximate distance of the cellular device from a cellular tower based on the speed with which signals travel between the device and the tower.

This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

14.     Based on his training and experience, your Affiant knows that wireless providers such as T-Mobile Wireless typically collect and retain information about their subscribers in their normal course of business.   This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as a credit card account number) provided by the subscriber to pay for wireless telephone service.   Your Affiant also knows wireless providers such as T-Mobile Wireless typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business.   In his training and experience, your Affiant knows this information may constitute evidence of the crimes under investigation because the information can be used to identify the user or users of the cellular telephone assigned number 804-477-9107 and may assist in the identification of co-conspirators and/or victims.

## **AUTHORIZATION REQUEST**

15.     Based on the foregoing, your Affiant requests the Court issue the proposed search warrant, pursuant to Title 18, United States Code, Section 2703(c) and Federal Rule of Criminal Procedure 41.

16.     Your Affiant further requests the Court direct T-Mobile Wireless to disclose to the Government any information described in Section I of Attachment B that is within its possession, custody, or control.   Because the search warrant will be served on

T-Mobile Wireless, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Respectfully submitted,

William Santiago
Border Patrol Agent
Customs and Border Protection

Subscribed and sworn to before me on this,
the ___20th___ day of May, 2019.

UNITED STATES MAGISTRATE JUDGE
Southern District of Mississippi

6

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (804) 477-9107 ("the Account"), that are stored at premises controlled by T-Mobile Wireless ("the Provider"), headquartered at T-Mobile Wireless; Attn: Subpoena Compliance Department 4 Sylvan Way, Parsippany, NJ  07054.

*T-Mobile Subpoena Compliance Department 4 Sylvan Way, Parsippany, NJ  07054*

*(973) 292-8911 or (973) 292-8697*

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under Title 18, United States Code, Section 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period February 1, 2019 to the present:

a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

        viii.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

        i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

        ii.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of Title 8, United States Code, Section 1324 involving Oscar Fajardo during the period January 1, 2019, through March 28, 2019, or as close to those dates as data is remaining.

3